UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL BORDEN,
    Plaintiff,
-vs.-                                  **DEMAND FOR JURY TRIAL**

FMS INVESTMENT CORP.
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Emanuel Borden, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is FMS Investment Corp. which is a Maryland company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect on a consumer type debt allegedly owed by Plaintiff in regards to a student loan in the amount of about $12,000.00.

7. On or about February 24, 2012, Plaintiff received a letter from Defendant at his place of employment.

8. This letter was a request for verification of employment. Defendant fails to identify itself as a debt collector in this letter.

9. Defendant is calling Plaintiff's cellular phone, which is 313-617-4208.

10. On or about May 14, 2012, Defendant, through its representative, Michelle, called Plaintiff in an attempt to collect on the alleged debt.

11. Michelle told Plaintiff that they could not accept Plaintiff's payment of $123.00 and she wanted payment by that Wednesday, May 23, 2012.

12. She told Plaintiff that he had to pay $125.00.

13. Plaintiff asked what could happen if he canceled the arrangements that they made and if he did not pay by Wednesday, May 23, 2012.

14. Michelle said to Plaintiff, "The government can come and take your car, any wages, stocks, bonds and any of your tax returns."

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

20. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiff incorporates the preceding allegations by reference.

22.  Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

25. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

30. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

31. Plaintiff has suffered damages as a result of these violations of the MCPA.

32. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

                                        /s/ Gary Nitzkin

June 3, 2012                 GARY D. NITZKIN  P41155
                                        TRAVIS SHACKELFORD P68710
                                        MICHIGAN CONSUMER CREDIT LAWYERS
                                        Attorneys for Plaintiff
                                        22142 West Nine Mile Road
                                        Southfield, MI 48033
                                        (248) 353-2882
                                        Fax (248) 353-4840
                                        Email – gary@micreditlawyer.com